Filed 9/3/15  P. v. Garcia CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B261125 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA099753) |
| v. | |
| STEVEN GARCIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Tomson T. Ong, Judge.  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

A jury convicted Steven Garcia of unlawfully driving a vehicle, with findings that he had a prior conviction for unlawfully driving a vehicle and a prior strike conviction. (Veh. Code, § 10851; Pen. Code, §§ 666.5; 667, subds. (b)-(j); 1170.12, subds. (a)-(d).) The trial court sentenced Garcia to a total aggregate term of eight years in state prison consisting of the upper term of four years for the vehicle offense, doubled for the prior strike. Appointed counsel on appeal filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Garcia has filed a letter brief asserting various claims of error. We affirm the judgment.

## FACTS

### *The Crime*

At about 6:00 a.m. one morning, Jose Olivo went outside to start his Toyota truck. While the truck was warming up, Olivo walked about 50 feet away to fill up a bottle of water. Olivo then "heard the noise of the truck and . . . turned around and [it] was gone." Olivo did not see who was driving his truck; he had not given anyone permission to drive it. Olivo's daughter, Joanna, promptly called police and reported that the truck had been stolen.

Later that morning, one of Olivo's neighbors, Maria Martinez, saw Garcia driving Olivo's truck. At about 11:30 a.m., Olivo received a telephone call from another neighbor who said that he had seen Olivo's truck.

Based on the information from his neighbors, Olivo used another car to go look for his truck. He found his truck parked near 256th Street and Marigold Avenue, and parked his car directly behind the truck. At that point, Olivo saw Garcia "getting off" the truck, and looking inside the "back of the truck." Olivo approached Garcia and asked, "Is that your truck?" Garcia responded, "No. It has been parked here for hours." Olivo said that he was going to call the police, and Garcia said, "Sure, call them."

At about noon, Olivo called his daughter, Joanna, and told her that he had found his truck. Joanna drove to 256th Street where she saw the truck, Olivo, and Garcia. Maria Martinez also drove to 256th Street where she too saw the truck and saw Olivo and

Garcia. Joanna called the police. Garcia did not leave the scene, but paced back and forth and from one side of the street to the other.

The police arrived. The keys to the truck were not in the truck and were not found on Garcia. Olivo and Joanna helped the police to look for the truck keys. Joanna eventually found the keys near the curb where Garcia had been pacing. A lawn mower and other gardening tools that had been in the back of the truck when it was taken from Olivo's home were missing.

### The Criminal Case

On July 25, 2014, before the preliminary hearing, the trial court granted Garcia's oral request "to represent [him]self."[1] During the court's inquiry into the request, Garcia stated that he had experience with criminal court, explaining that he had presented himself in "about 13" prior cases. In August 2014, the People filed an information charging Garcia as indicated at the outset of this opinion.

The case was tried to a jury in mid-October 2014, at which time the prosecution presented evidence establishing the facts summarized above. Garcia testified in his own defense, denying that he had taken Olivo's truck. His story was that he just happened to be in the area, and had been merely looking at the truck when Olivo arrived at the scene. On October 17, 2014, at about 2:45 p.m., the jury retired to begin its deliberations. At about 3:50 p.m., the jury advised the trial court that a verdict had been reached. The jury found Garcia guilty of the alleged unlawful vehicle driving charge, and also found that he suffered a prior conviction for unlawfully driving a vehicle and a prior conviction for assault with a deadly weapon.

On October 31, 2014, the trial court sentenced Garcia as indicated at the outset of this opinion.

Garcia filed a timely notice of appeal.

---

[1] Although not expressly cited during the hearing, we note that the right to self-representation is guaranteed pursuant to *Faretta v. California* (1975) 422 U.S. 806.

**DISCUSSION**

We appointed counsel to represent Garcia on appeal. Appointed counsel filed an opening brief pursuant to *Wende, supra,* 25 Cal.3d 436, requesting independent review of the record on appeal for arguable issues. We then notified Garcia by letter that he could submit any claim, argument or issues that he wished our court to review. Garcia filed a letter brief which we discuss below.

The initial one-third or so of Garcia's letter brief consists of an autobiography of sorts describing his involvement with the law over a course of more than 20 years, and multiple criminal and civil proceedings. Further, he recounts a number of personal trials and tribulations. The thrust of Garcia's discussion appears to be an assertion that he has been victimized on several occasions by police and or lawyers, arising from events that he contends involved innocent conduct. Garcia's discussion does not show how his current criminal case was infected with error. As such, it does not support reversal of his conviction for unlawfully driving a vehicle.

The remainder of Garcia's letter brief is labeled as a "Petition and or Application for Recall of Sentence," and cites to Proposition 47, passed on November 4, 2014. We do not address Garcia's petition pursuant to Proposition 47 on his current appeal because Proposition 47's procedures must be initiated in the trial court.

We have independently reviewed the record on appeal, and find that appointed counsel has fulfilled his duty, and that no arguable issues exist. (*Wende, supra,* 25 Cal.3d 436, *People v. Kelly* (2006) 40 Cal.4th 106.)

**DISPOSITION**

The judgment is affirmed.[2]

                                         BIGELOW, P. J.

We concur:

        FLIER, J.               GRIMES, J.

---

[2] During the pendency of this appeal, Garcia filed a self-represented petition for habeas corpus relief in this court. We dispose of the habeas petition (B265882) by separate order.

4